IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO. 5:04CV29

| | |
|---|---|
| ELLEN M. GROSE )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE BARNHART, )<br>Commissioner of Social Security )<br>)<br>      Defendant. )<br>_____ ) | **MEMORANDUM and ORDER** |

**THIS MATTER** is before the Court on (1) Ellen M. Grose's ("Plaintiff") Complaint, filed March 3, 2004 (Document #1); (2) The Commissioner of Social Security's ("Defendant") Answer, filed May 11, 2004 (Document #2); (3) Plaintiff's Motion for Summary Judgment, filed July 12, 2004 (Document #7); (4) Plaintiff's Memorandum in Support, filed July 12, 2004 (Document #8); (5) Defendant's Cross-Motion for Summary Judgment, filed August 31, 2004 (Document #9); and (6) Defendant's Memorandum in Support, filed August 31, 2004 (Document #9). These motions are now ripe for resolution by the Court.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on January 25, 1955. (R. at 38). She has a 12th grade education and was previously employed as a hosiery boarder and construction worker. (R. at 12). Plaintiff resides in Lenoir, North Carolina, with her husband, a current Social Security disability benefit recipient. (R. at 56,146) The Plaintiff claims her disabling condition rendered her unable to work in October of 1999, and she has not worked since. (R. at 38).

Plaintiff alleges that she became disabled on January 23, 2002, an amended onset date, due to plantar fasciitis, sciatic pain, and hepatitis C infection. (R. at 12). Plaintiff filed an application for disability insurance benefits on April 9, 2002. (R. at 21). Her claim for benefits was denied on June 25, 2002. (R. at 23). Plaintiff then requested a hearing before an Administrative Law Judge (the "ALJ"). (R. at 31). Consequently, on July 11, 2003, a hearing was held before the ALJ in Hickory, North Carolina. (R. at 11). On October 8, 2003 the ALJ issued a written decision denying Plaintiff's application for disability. (R. at 18). Plaintiff requested a review of that decision alleging that the ALJ gave inadequate consideration of medical and vocational evidence. (R. at 7). The ALJ's decision became the final decision of the Commissioner of Social Security when the Plaintiff's request for review was denied on January 22, 2004. (R. at 4). The Plaintiff has exhausted her administrative remedies and this case is now ripe for judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## II. FINAL DECISION OF THE ADMINISTRATIVE LAW JUDGE

In his decision, the ALJ determined that the Plaintiff met the insured status requirements under the Social Security Act, set forth in Section 216(i), through at least the date of the decision. (R. at 12). The ALJ found that the medical evidence presented indicated the Plaintiff suffered from (1) hepatitis C and (2) plantar fasciitis/arthralgia. (R. at 13). The ALJ found there was no evidence to support a claim based on sciatica. (*Id.*) While the impairments of hepatitis C and plantar fasciitis were severe, the ALJ found they were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.[1] (*Id.*).

---

[1] 20 C.F.R. 404, subpt. P, App. 1 (pt. A) describes various physical and mental illnesses and abnormalities. *See Sullivan v. Zebley*, 1991 SSR LEXIS 7 (SSR No. 91-7c Aug. 1, 1991). Most of the impairments (125 adult listings) are permanent or expected to result in death. 20 C.F.R. 404.1525(4); *Id.*

Although the ALJ found that Plaintiff was unable to return to her former employment as a construction worker or hosiery boarder due to the physical demands of those positions, the ALJ determined that Plaintiff retains the residual functional capacity to perform the less strenuous exertional demands of "light work."[2] (R. at 17). The ALJ found that Plaintiff had no non-exertional limitations that would further restrict the range of work she could perform. (R. at 16-17). Thus, the ALJ determined that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy.[3] (R. at 16). As a result the ALJ determined that the Plaintiff was not "disabled" under the applicable social security regulations. (R. at 18).

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § § 405(g), 1383(c)(3), limits the district court's standard of review of a final decision of the Commissioner (formerly Secretary) to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The Fourth Circuit defined "substantial evidence" as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant

---

[2] "'Light work' involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in the category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b)

[3] Examples of jobs in this category provided in the attached Medical-Vocational report include, cook helper, sandwich maker and dining room attendant. These positions exist in the national economy at an average monthly employment of 1,602,000 in 3/95 and in North Carolina at an average monthly employment rate of 34,200 in 3/95. (R. at 66).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner–so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of non-persuasion"). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the court disagrees with the final outcome of the case. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION OF CLAIMS

**A.**     **The ALJ Determined That Plaintiff's Testimony Was Not Credible**

The Plaintiff contends that the ALJ erred in finding her testimony not credible, and that the ALJ's decision does not contain proper support for this finding. (Pl.'s Mem. in Supp. P. 6). It is well within the discretion of the ALJ to make determinations of a witnesses credibility, and weigh that testimony accordingly. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1993).

The ALJ must point to the specific facts that led to the determination that a claimants testimony is less than credible. *See Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994) (citing *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1993)); *see also* SSR No. 96-7p, 1996 SSR Lexis 4 *1, (July 2, 1996) ( "It is not sufficient for the adjudicator to make a single, conclusory statement" regarding credibility, but rather the "decision must contain specific reasons for the finding"). If properly supported, this Court is not to disturb the ALJ's credibility determination. *See Moore v. Shalala*, 1994 U.S. App. LEXIS 29870 (4th Cir. 1994) (unpublished) (stating that reviewing courts should give "great weight to properly supported credibility determinations") *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (stating that a reviewing court should not "make credibility determinations").

The ALJ's decision points out specific facts used in determining the Plaintiff's credibility that, when taken as a whole, address at least three criteria that SSR 96-7p and 20 CFR § 404.1529 outline as useful in determining the credibility of a witness. Those factors, taken in turn, are: (1) medical treatment history, (2) medical evidence, and (3) consistency.

> (1) [T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as proscribed and there are no good reasons for the failure.

SSR No. 96-7p, 1996 SSR Lexis 4 *19, (July 2, 1996). In reference to Plaintiff's medical treatment history, the ALJ points out that the Plaintiff reported improvement in her foot pain after receiving a celestone soluspan injection in August 1997, and did not seek follow up care for the foot pain until

March 1998. (R. at 13). In addition, at a February 27, 2002, doctor's visit, Plaintiff reported not wearing the arch pad provided at a previous visit to relieve her left foot pain. (R. at 13). Lastly, Plaintiff testified that the shots administered had helped her feet, and that her podiatric aliments had stabilized. (R. at 13).

> (2) The regulations at 20 CFR 404.1529(c)(2) and 416.929(c)(2) provide that objective medical evidence 'is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of' an individual's symptoms and the effects those symptoms may have on the individual's ability to function.

*Id*. at *15. In addressing objective medical evidence regarding the Plaintiff's condition, the ALJ points out that "Plantar fasciitis is often considered remediable" and that the Plaintiff was tolerating her hepatitis treatment. (R. at 15).

> (3) The adjudicator must also look at statements the individual made to SSA at each prior step of the administrative review process and in connection with any concurrent claim or, when available, prior claims for disability benefits under titles II and XVI.

*Id*. at *11. Lastly, the ALJ enumerates several inconsistencies in the procedure and testimony of the Plaintiff. The ALJ points out that the Plaintiff originally filed for disability benefits on the basis of plantar fasciitis and sciatica, with an onset date of October 18, 1999. (R. at 38). Plaintiff later amended her onset date to January 23, 2002 on the basis of a hepatitis C claim. (R. at 15). Additionally, the Plaintiff was unable to settle on a reason for her inability to work, first claiming she was unable to work due to her back, then due to plantar fasciitis, and finally due to hepatitis C. (R. at 15).

When finding testimony not credible, an ALJ's decision could, and possibly should, more clearly explain to the claimant the factors used in the determination on credibility and the particular facts that address each factor. However, failure to do so will not reverse his finding. *See Daiz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995) (noting that in a finding on credibility "the ALJ need not provide a complete written evaluation of every piece of evidence and testimony"). The ALJ's decision that the Plaintiff's testimony is not credible is sufficiently supported in the evidence and adequately documented in his decision. Therefore, this Court finds the Plaintiff's challenge to the ALJ's finding on credibility without merit.

**B.     The ALJ's Decision Is Supported By Substantial Evidence**

The ALJ determined that the pain and other symptoms of the Plaintiff do not lead to the finding of a disability. (R. at 17). A determination of whether a person is disabled by pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (*citing* 20 C.F.R. § 416.929(b), § 404.1529(b); 42 U.S.C. § 423 (d)(5)(A)). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." *Id*. at 595 (*citing* 20 C.F.R. § 416.929(c)(1), § 404.1529(c)(1)).

> Once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence.

*Hyatt v. Sullivan*, 899 F.2d 329, 337 (4th Cir. 1990).

The record contains evidence of the Plaintiff's plantar fasciitis of the right foot (R. at 81-88) and hepatitis C infection, (R. at 93-97) both of which could be expected to produce the pain expressed. The ALJ, by concluding that the Plaintiff suffered from a severe impairment, implicitly found that the Plaintiff could satisfy the first requirement of the test articulated in *Craig*. (R. at 17, finding 3).

The ALJ next evaluated the intensity and severity of the Plaintiff's pain and other symptoms and its affect on her ability to work. Citing the factors set out in SSR 96-7p, the ALJ evaluated the Plaintiff's subjective complaints considering her prior work record and observations of third parties and treating and examining physicians relating to: (1) the claimant's daily activities, (2) the duration, frequency, and intensity of the pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness and side effects of medication, and (5) functional restrictions. As discussed above, the ALJ permissibly discredited the Plaintiff's own testimony as to the intensity and severity of her pain and other symptoms. Consequently, the ALJ weighed additional factors more heavily in reaching the decision that the Plaintiff was not "disabled" as a result of her pain and other symptoms as defined for Social Security purposes.[4]

The ALJ's decision that the Plaintiff was not disabled is sufficiently supported in the evidence. Regarding the dosage, effectiveness and side effects of medication the record supports the

---

[4] Under 20 C.F.R. § 404.1520 *et seq.*, the term "disability" is defined as: "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you much have a severe impairment(s) that makes you unable to do your past relevant work or any other substantial gainful work that exists in the national economy."

ALJ's determination that the Plaintiff could have worked during her treatments. Plaintiff's treating physicians observed that during her interferon and ribavirin treatments for hepatitis infection, Plaintiff had "no complaints" other than a rushing sound in her ear due to hay fever on April 3, 2003. (R. at 131). A month later, in May of 2003, the Plaintiff had "nothing new symptomatically going on." (R. at 134). In the decision, the ALJ chose to point specifically to medical records from October 2002 where Dr. Scheretz[5] found Plaintiff's therapy "well tolerated" and that the she was "doing well." (R. at 95-96). While the Plaintiff complained of fatigue during her treatment, as noted by her physician, that fatigue is not documented outside of the treatment period of 48 weeks. Even if taken as disabling, fatigue must last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a). While Plaintiff claims to have suffered fatigue since January 2002, there is no evidence in the record, other than her own testimony, to support this assertion. In fact, the rather detailed record from the Plaintiff's January 23, 2002 visit to West Wilkes Medical Center contains no mention of fatigue despite what appears to be an extensive examination. (R. at 79).

Additionally, in evaluating the duration, frequency and intensity of the Plaintiff's pain, the record indicates that her plantar fasciitis had improved significantly with treatment (R. at 84) and that Dr. Sherertz was planning to test for a cure of hepatitis around the time of the hearing. (R. at 139). The ALJ's finding that the Plaintiff was not under a "disability" at any time through the date of the decision is sufficiently supported by the evidence.

---

[5]One of the errors Plaintiff complains of is this reference in the ALJ's decision to the Plaintiff's treatment. The ALJ cites that Dr. Sorescu provided updated records prior to the hearing, while the Plaintiff contends that Dr. Sherertz provided the updated records. (R. at 13); (Pl.'s Mem. in Sup. p. 4). The letter cited, (R. at 95) is a correspondence from Dr. Sherertz to Dr. Sorescu discussing the hepatitis C treatment of the Plaintiff. Despite which doctor actually supplied a copy of this letter, it seems that the content would be the same. A mistake in the ALJ's decision as to the supplying doctor seems to constitute a mistake *de minimus*, if at all, with no impact on the decision to deny benefits.

The Plaintiff, in her complaint, does not challenge the ALJ's finding as to her residual functional capacity nor the determination that other jobs exist in significant number in the national and state economy she is capable of performing. As a matter of record, this Court finds those determinations sufficiently supported by the evidence as well. Therefore, this Court grants summary judgment in favor of the Defendant.

**C. Plaintiff Enjoyed Due Process In This Administrative Hearing**

The Court is satisfied that Due Process requirements were met in this administrative proceeding, despite the ALJ's typographical errors when referring to the dates of medical visits and names of evaluating physicians. The Third Circuit outlined specific safeguards that an informal, oral, administrative hearing under the Social Security Act should meet to ensure the satisfaction of a claimants due process rights:

> 1) an impartial decision maker separated from those making the previous administrative determinations in the case;
>
> 2) timely and adequate notice to the recipient of the reasons for recoupment (if applicable);
>
> 3) an effective opportunity for the recipient to confront and cross-examine adverse witnesses;
>
> 4) an effective opportunity for the recipient to present his own arguments and evidence orally;
>
> 5) an opportunity to retain counsel or have the informal assistance of a friend, if the recipient desires;
>
> 6) a report written by the decision maker which *informally* states the reasons and the evidence relied on in reaching his decision; and
>
> 7) an opportunity for all parties to receive and challenge the decision maker's report before it becomes final.

*Mattern v. Weinberger,* 519 F.2d 150 (3d Cir. 1975)(emphasis added).

The Plaintiff has enjoyed all the due process required, and simple clerical errors do not constitute a violation of her due process rights. Each error cited in the Plaintiff's complaint seems to be nothing more than sloppy work product on the part of the ALJ and his staff. While it is disturbing to see errors in the record of a matter as precise in nature and as emotionally trying as a Social Security disability evaluation, those errors do not constitute the deprivation of due process. Therefore, the due process claims of the Plaintiff are without merit as well.

## V. Conclusion

For the forgoing reasons, it is hereby ordered that the Commissioner's "Motion for Summary Judgment" is **GRANTED,** and the Plaintiff's "Motion for Summary Judgment" is **DENIED.**

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge